| | |
|---|---|
| **Jeffrey A. McKee (#012279)**<br>**DAVIS, McKEE, P.L.L.C.**<br>**1650 North First Avenue**<br>**Phoenix, AZ 85003**<br>**(602) 266-7667; fax (602) 277-9839**<br>**Email: jmckee@davismckee.com**<br><br>Attorneys for Defendants | |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>JAZI KAT, LLC;<br>JAZI KAT 4659 ROCKRIDGE, LLC<br><br>        Debtors and<br>        Debtors-in-Possession. | Chapter 11 Proceedings<br><br>Case 2:24-bk-01626-MCW<br><br>Jointly Administered with:<br>Case No.: 2:24-bk-01627-MCW |
| JAZI KAT 4659 ROCKRIDGE, LLC,<br><br>        Plaintiff,<br>vs.<br><br>ANOD CARE SERV ICES, LLC; ANOD CARE SERVICES, INC.; and MICHELLE CAMPUZANO,<br><br>        Defendants. | Adversary No. 2:24-ap-00076-MCW<br><br>**DEFENDANTS' RESPONSE TO EMERGENCY APPLICATION FOR ORDER TO SHOW CAUSE** |

Defendants Anod Care Services, LLC, Anod Care Services, Inc. and Michelle Campuzano respond to Plaintiff's application:

1. Defendants agree that Plaintiff owns commercial real property located at 5314 North 7th Street, Phoenix, Arizona 85014 (the "Property"). Application at ¶ 7.

2. Defendants did not enter into a "Proposed Lease" with Plaintiff on June 9, 2023 for the lease of the Property. As set forth in the Standard Multi-Tenant Office Lease (the "Lease") attached to the Application, the parties signed the enforceable Lease on June 22, 2023. Application at ¶'s 9 and 10.

3. The Lease attached to the Application shows that, on November 16, 2023, the Lease was recorded in the Official Records of the Maricopa County Recorder as Document

No. 20230592531, giving public notice of the existence of the Lease to third parties, including prospective buyers of the Property.

4. According to the Lease, the "Original Term" was to commence "15 days following the receipt of proper licensing from the appropriate agencies for Lessee to operate within the premises." Application at ¶ 14. The proper licensing was not obtained and, thus, the Lease Term never commenced. Application at ¶ 15.

5. The reason ANOD did not obtain proper licensing is that Plaintiff failed to comply with its obligations under the Lease to deliver the premises (approximately 18,000 square feet) to ANOD in a habitable condition and to make suitable repairs and tenant improvements to the premises. In Section 2.2 of the Lease, Plaintiff was required to deliver the premises to ANOD in a "clean condition" and "good operating condition," including the structural elements of the roof and bearing walls and be free from hazardous levels of mold. In Section 53 of the Lease, Plaintiff was required to but did not pay for and perform any of the TI's, including signage, exterior paint, floor refinishing, installation of a power island, installation of a power source for a door, reception windows, murals and pavement for a parking lot.

6. When ANOD took possession of the premises, it was riddled with mold from persistent leaking. Instead of performing required repairs and TI's, Plaintiff remodeled a portion of the premises (approximately 6,000 square feet) and Plaintiff's principal's family occupied this space. Plaintiff also informed ANOD that the upstairs was structurally unsound and therefore it could not occupy this space. ANOD was relegated to operating out of approximately 600 square feet of the premises. The premises were not habitable and therefore none of ANOD's clients could enter the building.

7. Pursuant to the Lease, Plaintiff granted ANOD access to the Property for the ten months since the parties executed the Lease. Application at ¶'s 16 and 17.

2
Case 2:24-bk-01626-MCW    Doc 64    Filed 04/22/24    Entered 04/22/24 09:45:57    Desc
Main Document    Page 2 of 4

8. Pursuant to Section 1.3 of the Lease, the "Original Term" of the Lease commences "15 days following receipt of proper licensing from the appropriate agencies for Lessee to operate within the premise." Plaintiff correctly states that ANOD never obtained proper licensing but does not disclose that its failure to deliver the premises in a habitable condition and to perform the TI's is why ANOD has not obtained a license to operate its business. As a result of Plaintiff's breaches of the Lease, the Original Term of the Lease has not commenced. Application at ¶ 15.

9. Because the Lease was recorded with the Maricopa County Recorder, the buyer of the subject premises made a fully informed decision to offer to purchase the premises with knowledge of the Lease. Section 30.2 requires ANOD to attorn to the new owner and, upon request, enter into a new lease.

In conclusion, the Lease is enforceable. ANOD has lawful possession of the premises and therefore is not violating the automatic stay. ANOD is only occupies and uses a small portion of the premises because most of it is uninhabitable. It cannot operate its business until Plaintiff repairs the premises to make it habitable and makes the agreed TI's; if it does, ANOD will commence making lease payments. The buyer is purchasing the premises with knowledge of the Lease. It is ANOD that has suffered damage, not Plaintiff, by Plaintiff's failure and refusal to fulfill its obligations under the Lease.

For the foregoing reasons, the Court should deny Plaintiff's application for emergency relief.

Dated: April 21, 2024.

                          **DAVIS, McKEE, P.L.L.C.**

                          /s/ Jeffrey A. McKee
By   _____
      Jeffrey A. McKee
      Attorneys for Defendants

Response to Application for OSC filed ECF this 21st day of April, 2024 and served on:

James F. Kahn, Esq.
Krystal M. Ahart, Esq.
KAHN & AHART, PLLC
Bankruptcy Legal Center
301 East Bethany Home Road, Suite C-195
Phoenix, AZ 85012-1266
Email: james.kahn@azbk.biz
Email: krystal.ahart@azbk.biz
Attorneys for Debtors/Plaintiff


/s/ Jeffrey A. McKee
_____